**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                      :        Chapter 13

Nicholas V. Coppa

    (Debtor)                                        :        Bankruptcy 17-17762 AMC

**ANSWER OF CREDITOR NATIONAL BANK OF MALVERN IN OBJECTION**
**TO DEBTOR'S MOTION FOR CONTINUANCE OF STAY BEYOND 30 DAY PERIOD**

1. Admitted.

2. Admitted in part denied in part.  It is admitted that Debtor at one time had a business which subsequently closed.  It is specifically denied that the business was operational at the time of the 2015 case.  Debtor was already employed outside his former business. At all times relevant therein, in the 2015 case, Debtor was gainfully employed outside his defunct former business and held several jobs with different employers, including Temple University as a Professor and at Glaxso Smith Kline as a scientist, at substantial salaries. Debtor also affirmed in his 2nd amended Chapter 13 Plan in the 2015 case that he had sufficient income from his then new employment to start making the outside the Plan mortgage payments to Creditor, herein.

3. Denied.  Creditor has no way of confirming where Debtor now works.  It is specifically denied that the financial difficulties Debtor experienced were related to his former business, as alleged, due to the fact that Debtor already was employed elsewhere, as affirmed in his Chapter 13 Plan.  Debtor simply defaulted on his chapter 13 Plan despite his income. Debtor made the same explanation to the Court in the 2015 case and yet fell an additional 16 months delinquent in his outside the Plan payments to Creditor herein despite his then employment at very substantial salary.  Debtor is repeating the very same argument he made to this Court in the 2015 case.

4. Denied specifically that the debtor is now entitled to the relief he is seeking in his Plan. Debtor had every right as well as opportunity to sell the house previously, pay off the lien holders and Pro Rata pay remaining creditors in the previous 40 month since the first Ch13 plan was filed but steadfastly refused to do so or to agree to convert his case to Chapter 7. This Honorable Court in the matter of Creditor's Motion from Relief from the previous stay granted relief from the stay because Creditor made no attempts to make the outside the Plan payments to Creditor, despite his employment.  Because Debtor refused to sell the house Relief from Stay was granted to Creditor herein to proceed with Sheriff Sale.

5.  Denied that Debtor is offering adequate protection toward further delay.  Debtor refused to make outside the Plan mortgage payments to Creditor during the previous two Chapter 13 cases, and now at 41 months current delinquency is now well into his 4th full year of delinquency.  Debtor has breached numerous promises to Creditor and defaulted on 3 previous Chapter 13 Plans when he was gainfully employed.

6.  Denied that the sale will be sufficient as alleged. Debtor has waived the right to further relief on the matter of the sale of the house.

7.  Denied. Debtor is simply making the exact same argument he has twice presented to this Honorable Court.  The change in financial circumstance is identical to the change in financial circumstances Debtor averred in the 2015 case when he was employed by Temple.  At the time of the previous Relief from Stay hearing in the 2015 case in February, 2017 the Debtor then claimed he was just recently employed by Glaxso Smith Kline and had another great change in financial circumstances at a much significantly higher salary.  In granting to Creditor relief from the stay this Honorable Court noted that Debtor had no ability to catch up.  By way of further denial it is important to note that when the Honorable Judge Chan granted Creditor Relief From the Bankruptcy Stay she specifically and pointedly refused Debtor's request that the Court retain jurisdiction over the matter of Creditor's claim and matters relating to the sale once that Stay was granted.  The Court declined to exercise further jurisdiction over the within matter for relief.  Debtor now asks the Court to extend to the jurisdiction previously declined in order to re-extend the previous stay.   Debtor is not entitled to relief by an  extension of the previously dismissed stay under any circumstances.

WHEREFORE, Creditor requests this Honorable Court to promptly dismiss the stay;  to award Creditor $1,000.00 in counsel fees against Debtor's for the bad faith re-application for relief to the Court under the 2015 case; impose a bar order against Debtor denying him further Bankruptcy relief as a result of his bad faith action herein as well as in his serial Chapter 13 filings;  and any other relief the Court may determine just.

Date:  December 4, 2017

Respectfully submitted,

BY: William L. Howard/s/
William L. Howard, Esquire
18 West King Street
Malvern, PA 19355
610-296-9020/fax 610-296-9801